# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>WOG, LLC, d/b/a WHITE OAK GROUP,<br><br>Debtor. | Case No. 19-19062-TJC<br><br>Chapter 7 |

## APPLICATION OF CHAPTER 7 TRUSTEE FOR AUTHORITY TO RETAIN SAUL EWING ARNSTEIN & LEHR LLP AS COUNSEL AS OF JULY 8, 2019

Charles R. Goldstein, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of WOG, LLC, d/b/a White Oak Group (the "Debtor"), submits this application (the "Application"), pursuant to Sections 327 and 328 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and applicable Local Rules for the United States Bankruptcy Court for the District of Maryland (the "Local Rules"), for entry of an Order authorizing the Trustee to retain the law firm of Saul Ewing Arnstein & Lehr LLP ("Saul Ewing") as his counsel as of July 8, 2019. In support of this Application, the Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A). The statutory bases for the relief requested herein are Sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On July 2, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and the Trustee was appointed as the interim Chapter 7 Trustee.

3. On or about July 8, 2019, the Trustee selected Saul Ewing to serve as his proposed counsel. Due to the need for a timely and seamless transition, the Applicant began working with the Trustee immediately upon his selection of the Applicant.

## RELIEF REQUESTED

4. By this Application, the Trustee seeks authority to retain Saul Ewing as his counsel to represent the Trustee in connection with all matters related to the Debtor's Chapter 7 case. Specifically, the Trustee respectfully submits that it is necessary and appropriate for him to employ and retain Saul Ewing to provide, among other things, the following services:

(a) advise the Trustee with respect to his rights, duties, and powers in this Chapter 7 case;

(b) assist and advise the Trustee in facilitating a sale of the Debtor's assets;

(c) assist the Trustee in his investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and of the operation of the Debtor's businesses and the prosecution of any claims or causes of action revealed by such investigation;

(d) represent the Trustee at hearings and other proceedings;

(e) assist the Trustee in preparing pleadings and applications as may be necessary in furtherance of the Trustee's interests and objectives;

(f) prepare, on behalf of the Trustee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

(g) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Trustee in accordance with the Trustee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

- 3 -

5. The Trustee has selected Saul Ewing because its attorneys possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, debtor's and creditors' rights, debt restructuring, and corporate reorganization, among others. Accordingly, the Trustee believes that Saul Ewing is well qualified to represent him in this Chapter 7 case.

6. The Trustee requests that all legal fees and related costs and expenses incurred by the Trustee on account of services rendered by Saul Ewing in these cases be paid as administrative expenses of the estates pursuant to Sections 328, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code. Subject to the Court's approval, Saul Ewing will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Sections 328(a) and 330 of the Bankruptcy Code as well as orders of the Court entered in these cases. The following are Saul Ewing's currently hourly rates for work of this nature:

| **Billing Category** | **Range** |
|---|---|
| Partners | $395 - $950 |
| Special Counsel | $385 - $660 |
| Associates | $250 - $430 |
| Paraprofessionals | $215 - $335 |

A majority of the legal services will be performed by Aaron S. Applebaum, an associate ($395 per hour).

7. These hourly rates are subject to periodic adjustments (typically once each year) to reflect economic and other conditions. Saul Ewing will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. These rates are set at a level designed to fairly compensate the firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Saul Ewing's policy to charge its clients for all other out-of-pocket expenses incurred in connection with the client's

case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $.10 per page, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The firm will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients, subject to the Local Rules of this Court.

8. Upon information and belief, Saul Ewing does not represent and does not hold any interest materially adverse to the interests of the Debtor's estate or creditors or equity security holders in the matters upon which Saul Ewing is to be engaged, except to the extent set forth in the Declaration of Maria Ellena Chavez-Ruark attached hereto as <u>EXHIBIT A</u>.

9. Because of the extensive legal services that may be necessary in this Chapter 7 case, and the fact that the full nature and extent of such services are not known at this time, the Trustee believes that the employment of Saul Ewing to provide the services described above is appropriate and in the best interests of the Debtor's estate and its creditors.

10. No prior application for the relief requested herein has been presented to this Court or any other court.

WHEREFORE, the Trustee requests that this Court enter an Order:

A. Approving this Application;

B. Authorizing the Trustee to retain Saul Ewing Arnstein & Lehr LLP as his counsel in this case as of July 8, 2019; and

- 5 -

C.    Granting such other and further relief as the Court may deem just and proper.

Dated: July 12, 2019

*/s/ Charles R. Goldstein*
Charles R. Goldstein
3Cubed Advisory Services, LLC
111 South Calvert Street, Suite 1400
Baltimore, MD  21202
Telephone:     (410) 783-6390
Email:             cgoldstein@3cubed-as.com
*Chapter 7 Trustee*